Plaintiff's Name Columbus Allen Jr. II
Inmate No. AE-1543 AE-1543
Address CSP-Calipatria, C3-120
    P.O. Box 5002
    Calipatria, CA 92233-5002

FILED

JAN 03 2013

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

COLUMBUS ALLEN JR. II

(Name of Plaintiff)

vs.

Stanislaus County, Former Sheriff Mark
Puthoff, Sheriff Adam Christianson, Cpt.
Duncan, Lt. Lloyd, Lt. Suarez, Lt. Clifton,
Sgt. Galles, Sgt. Radza, Sgt. Truffa,
Sgt. White, Sgt. Wright, Deps Cardoza,
Escarcega, Mauldin, Maze, Mcleland, Meyers,
Williams and five unknown deputies.

(Names of all Defendants)

1: 1 3 CV 0 0 0 1 2   SAB PC

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

## I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A.   Have you brought any other lawsuits while a prisoner? Yes ✓ No ___

B.   If your answer to A is yes, how many? ___1___
     Describe previous or pending lawsuits in the space below.
     (If more than one, use back of paper to continue outlining all lawsuits.)

     1. Parties to this previous lawsuit:

     Plaintiff   Columbus Allen Jr. II

     Defendants   Adam Christianson, Gina Leguria, Cpt. William Duncan, Brenda Suarez,
     Ronald Lloyd, Gregg Clifton, C. Blakie, Galles, Ernie Radza, V.L. Truffa and others

     2. Court (if Federal Court, give name of District; if State Court, give name of County)
        U.S. District Court for the Eastern District of California, Fresno

     3. Docket Number 1:09-cv-00930-AWI-JLT    4. Assigned Judge Hon. Anthony W. Ishii

     5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
        Dismissed 12-10-10, appealed 1-25-11, and pending since 8-7-12

     6. Filing date (approx.) 5-28-09    7. Disposition date (approx.) Pending

RECEIVED

JAN 3 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

1

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes **X** No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes X No X

If your answer is no, explain why not  The 42 U.S.C. § 1981 , 42 U.S.C. 31985(3) , and
42 U.S.C. § 1986 claims do not require exhaustion of administrative
remedy.

C. Is the process completed?

Yes X          If your answer is yes, briefly explain what happened at each level.
Denied at each level four times without reference to any controlling
authority to support basis for denial. The County Board of Supervisors Denied
the claims

No___          If your answer is no, explain why not.

**NOTICE:**  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _Stanislaus County_ is employed as _Public governmental entity_
at _Stanislaus County California_

2

B.    Additional defendants Former Sheriff Mark Puthuff, Current Sheriff Adam Christianson,
Sheriff/coroner, Stanislaus County Sheriff Dept.; Cpt. William "Bill" Duncan, Adult Detention
Division Commander, Sheriff Dept.; Lt. Ronald Lloyd, Fac. Comm., Stanislaus Co. Men's Jail; Lt.
Brenda Suarez, former fac. Comm., S.C.M.J.; Lt. Gregg Clifton, Comm. Inmate Progs. S.C.S.D.;
Sgt. Galles, Sgt. Ernie Radza, and Sgt. V.L. Truffa, Shift Sergeants, S.C.M.J; Sgt. White,
Sgt. Wright, Classification Sergeants, S.C.S.D.; Deputies Cardoza, Escareceza,
Mauldin, Maze, McLeland, Meyers, and Williams, Deputy Sheriffs, S.C.S.D.  Also
five unknown deputies.

## IV.    Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved,
including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach extra
sheets if necessary.)

1. At All times mentioned Columbus Allen Jr II (hereinafter "Plaintiff"), an African American male, was
held as a pretrial detainee charged with the capital murder of a Caucasian peace officer in
Stanislaus County Men's Jail (hereinafter "S.C.M.J" from February 17, 2006 until August 3, 2010.

2. Defendant Stanislaus County (hereinafter "County") is a public entity formed and existing in the
State of California within the jurisdiction of this Judicial district.

3. Defendant Mark Puthuff (hereinafter "Puthuff") was the acting Sheriff/coroner of Stanislaus County
Sheriff's Dept (hereinafter "S.C.S.D") from at least 2-17-06 until Approx. 6-06-06.

4. Defendant Adam Christianson (hereinafter "Christianson") was elected sheriff/coroner following
the 6-06-06 election and kept that position until at least 8-3-10.

5. At all times material; during their respective tenures as sheriff/coroner of Defendant County,
Defendant's Puthuff and Christianson per state law, acted as final policy maker on behalf of
County; and by virtue of their position, their

## V.    Relief.

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or
statutes.)

1. That the court determine and enter Judgment declaring that the yard policy related to max-sec
inmates as promulgated by defendant County from 2-17-06 to 10-2-09 violated the rights
secured to the Plaintiff by the 14th Amendment to the U.S. Constitution and other inmates
similarly situated during that period.

2. That the Court award nominal damages to Plaintiff in the amount of $18,900 (eighteen
thousand and nine hundred dollars) against the County for promulgating a yard policy resulting in
the deprivation of Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

3. That the court award presumed damages to Plaintiff in

I declare under penalty of perjury that the foregoing is true and correct.

Date December 24, 2012          Signature of Plaintiff

(revised 6/01/04)

3

# Statement of

# Claim

# Continued

acts or edicts may fairly be said to represent the official policy of all matters regarding S.C.S.D.. As sheriff/coroner, Puthoff and Christianson were responsible for the management of the adult detention facilities of S.C.S.D.; including developing and implementing practices, policy and procedures consistent with requirements of state law; the training supervision, and conduct of agents and employees of S.C.M.J.; and the safe keeping of pre-trial detainees. Defendants Puthoff and Christianson are sued herein individually and in their official capacity.

6.   At all times material to the facts recited, defendant, Custody Commander Captain William "Bill" Duncan, per policy/custom of S.C.S.D. was commissioned with the task of final policy maker for the administration, operation, and supervision of the Adult Detention Division of S.C.S.D.. Cpt. Duncan is sued herein individually and in his official capacity. (hereinafter "Cpt. Duncan)

7.-   At all times material Lt. Brenda Suarez (hereinafter "Lt. Suarez"), from 2-17-06 to approx. 1-1-07; and Lt. Ronald Lloyd (hereinafter "Lt. Lloyd") from approximately 1-1-07 to at least 8-3-10, were commissioned with the task of directly supervising and managing the daily operations of S.C.M.J. staff, facilities, and inmates on behalf of Cpt. Duncan. Defendant, Lt. Gregg Clifton (hereinafter "Lt. Clifton") at all times mentioned managed the Bureau of Administration Services and Inmate Programs and Support Services of all facilities under S.C.S.D.. Lt. Suarez, Lt. Lloyd, and Lt. Clifton are sued herein individually and in their official capacity.

8.   At all times mentioned, defendants, Sgt. Galles, Sgt. Radza, Sgt. Truffa, Sgt. White, Sgt. Wright; and deputies: Aziz, Cardoza, Escarceza, Mauldin, Maze, McLeland, Meyers, Williams, and others presently unknown acted under color and by virtue of the statutes, customs, ordinances, and usages of the State of California and the Stanislaus County Sheriff's Department. They are sued individually and in their official capacity.

9.   Defendants, named and currently unknown, in paragraphs 6-8 ~~herein alleged~~ at all times material to this complaint, were the servants, agents, appointees, and employees of

98

VB

: Each def. named and unknown≈in ¶ ² 87 8 88 had to agree with their partners/co-workers
to disregard the may. see movement policies... the app 6/03/13 clates of the attacks
For the specific purpose of subjecting P. 2 a racially motiv, hate crime & to
Deprive him the r+2 secure his person & Full = B of All laws & proc ... But said Acts
... in viol of 412 U S C 1985(3)

defendants Puthoff and Christianson acting in furtherance and within the scope of said relationships, and said sheriffs Puthoff and Christianson are answerable at law for the acts of their employees, during their respective tenures as sheriff, under federal and state law.

10.    The acts of defendants, named and unknown in paragraphs (hereinafter "P's") 6-8 herein alleged were committed either on the instruction of defendants Puthoff and Christianson, or with the knowledge and consent of said defendants, or were thereafter approved and ratified by said defendants during their respective tenures as sheriff. By virtue of said defendants' position as sheriff of Stanislaus County, the acts and conduct of said defendants alleged represent the official policy of S.C.S.D.

11.    Defendants Puthoff and Christianson were the primary delegates of defendant County, but defendants named in P's 5-8 collectively form the delegation legally representing the County through the assignment of various tasks regarding all matters related to the administration, operation, and supervision of the Adult Division of S.C.S.D. as a whole and S.C.M.J. in particular; matters constituting the violation of plaintiff's constitutional rights raised herein.

12.    Defendant County, per state law, is responsible for the oversite of its delegations' management of the S.C.M.J., and is liable for injury proximately caused by acts or omissions of its employees/agents within the scope of employment, if the acts or omissions give rise to a cause of action against that employee/agent.

13.    This action arises under the Civil Rights act of 1866 and involves acts committed by defendants under color of state law which deprived plaintiff of his right to full and equal benefit of all laws and proceedings for the security of his person as is enjoyed by white citizens; and procedural due process as a pretrial detainee guaranteed under the 14th Amendment to the U.S. Constitution, and is founded upon 42 U.S.C. §1983, 42 U.S.C. §1981, 42 U.S.C. §1985(3), and 42 U.S.C. §1986. The declaratory relief prayed for in this action is authorized by 28 U.S.C. §2201, 28 U.S.C. §2202 and Fed. R. Civ.

P. 54, 57, 58, and 65. Jurisdiction is based upon 18 U.S.C. §3626, 28 U.S.C. 1343, and 28 U.S.C. 1391.

14.   The plaintiff in this action seeks monetary damages for violation of his Constitutional rights, privileges, and immunities secured under the 14th Amendment to the U.S. Constitution; appointment of counsel pursuant to 28 U.S.C. §1915; and payment of reasonable attorney fees pursuant to 42 U.S.C. §1988.

15.   Pendant and supplemental Jurisdiction is invoked for this Court to decide claims that may rise under state law.

16.   Plaintiff filed claims with the Stanislaus County Board of Supervisors regarding the issues raised herein, on 11·25·08 and 3·2·09, which were denied 12·3·08 and 4·13·09 respectively. An original complaint followed in this court 5·28·09 and an amended complaint was filed 1·12·10 and dismissed 12·10·10. An appeal was filed 1·25·11. The 9th Cir. Court of Appeals entered judgment 7·13·12 which took effect 8·7·12.

17.   Plaintiff refers to the factual allegations contained in P's 1-16 and incorporates them by reference as though fully set forth anew:

18.   Plaintiff was arrested and booked into S.C.M.J., at approximately 5:45 pm 2·17·06. Upon his arrival, plaintiff was escorted directly to a "Safety Cell / Rubber Room (hereinafter 'S.cell'), stripped absolutely naked, and provided a "security Jacket"; contrary to the guidlines and standards required by state law, by deputies Meyers and Mauldin per the instructions of Sgt. Galles and approval of facility Commander, Lt. Suarez.

19.   Plaintiff was kept in the S.cell approximately 17 hours; during said time he was held incommunicado, and denied every request to use a phone, as required by state law, by deputies Mauldin an Meyers on 2·17·06 from approx. 5:45pm until 6 am, per Sgt. Galles orders; and by deputy Williams on 2·18·06 from Approx. 6am until Approx. 11:15 Am, per Sgt. Truffa's orders. The illicit orders were Approved by Lt. Suarez to purportedy allow investigators more time and opportunity to investigate, and acquire materials to preserve Plaintiff's communication

3

in hopes of obtaining incriminating information, as discovery later disclosed.

20.     While being escorted by Sgt. Troffa and dep. Williams to the finger-printing and photo area on 2-18-06 at approximately 11:15 AM, following being "cleared" from the S.cell, one of the officers announced "deadman walking!", and the other stated 'time to see how things work 'round here, boy".

21.     Plaintiff was informed through personal accounts that another African American, Kevin Tubbs, charged with a single murder, and did not meet the criteria for S.cell subjection, was in fact kept therin upon his arrival at S.C.M.J. and held incommunicado for a significant amount of time; but Caucasians, Jesse Frost and Cameron Terhune, both charged with multiple murders of their immediate family, and admittedly on 'Psych Meds', met the critera for S.cell subjection per state law, were never subjected to the S.cell at S.C.M.J nor held incommunicado.

22,     Plaintiff further allege on 4.19.09 the _Modesto Bee_ reported former S.C.S.D. deputy, Craig Prescott, an African American, died from injuries he sustained after his former co-workers reclassified him, after four days in custody, and attempted to remove him to the S.cell from General Population.

23.     Following the comments alleged in ¶ 20 Plaintiff was classified as maximum security (hereinafter "max-sec."), based solely upon pending charges, and escorted by Sgt. Troffa and dep. Williams from booking to a single man cell on "x-tier" (A max-sec. tier) with the knowledge and approval of Lt. Soarez.

24.     x-tier was mainly composed of 'Nazi low-riders" [sic] and 'Skin-heads" [sic]; which CDCR confirms are white supremacist prison gangs whom consider African Americans a threat and enemies regardless of gang affiliation or lack thereof, and mainly originate out of Stanislaus County. Plaintiff was the only African American on the tier.

25.     As a result of investigations to support a motion for a change of

4

venue, which was ultimately granted, plaintiff discovered: the F.B.I. reports Stanislaus County as having the only active Ku Klux Klan chapter in California; the Dept. of Justice and local papers give accounts of City and County law enforcement officials' history of discriminating against African Americans in the community of the county as a whole seeking justice from hate crimes, and being unjustly singled out in public events as trouble makers; also the need for federal authorities to prosecute hate crimes perpetrated by whites against blacks due to failure or refusal to prosecute by the County's District Attorney.

26.     The S.C.S.D. at S.C.M.J. required all max-sec inmates be secured before exiting cell at all times and escorted to his/her destination. The policy of moving max-sec inmates during shower time requires one deputy secure the inmate and escort him to the shower while a second deputy operates the control panel to open cell and shower doors.

27. On Approx. 2·26·06, after escorting plaintiff to the shower in restraints; Deputies Aziz and Williams ignored S.C.M.J max-sec. movement policy during shower time and released an inmate, "R.D.", from his cell without restraints and observed him exit, holding only a bottle and other "shower materials", and physically and verbally assault plaintiff with urine and feces squeezed from the bottle (an act termed "gassing" under state law), and offensive and degrading epithets towards African Americans and demands to "get off our tier fucking nigger!" while plaintiff was locked in the shower and unable to protect himself.

28.     Plaintiff was assaulted in a fashion that amounts to several crimes under state and federal law. Yet neither Aziz or Williams charged "R.D.", the perpetrator with any crime or notified the district attorney as required by law; dep. Williams assured the perpetrator he had nothing to worry about because he would be on the bus to prison before a disciplinary hearing could take place.

29.     Plaintiff was promptly moved from x-tier and housed on another tier

5

in a two man cell With Tommy Nichols who informed the plaintiff that; ① he had been housed on X-tier and assaulted in similar fashion; and ② a deputy M. Sanders informed Nichols that plaintiff would be housed with him before the attack occurred.

30. Following request, plaintiff was moved to another one man cell on the 1st floor within a month and remained their approx. 15 months; during said time plaintiff made numerous attempts to secure his right to outdoor exercise which had been denied to him since his arrival at S.C.M.J.

31. Plaintiff was informed, due to his max-sec status, per policy, he was required to attempt exercise twice per week in "full restraints"; to wit, leg irons, hands cuffed and enclosed within a "black box" to restrict any wrist movement, which said box is then pad locked to a steel chain wrapped around the waist, for a total of three hours per week.

32. Plaintiff sustained several injuries while "exercising" as require per County Policy including injuries to his shoulders and elbows from falling while shuffling (attempts to jog); his wrists, from bouncing balls; and constantly to his achilles tendons from simply walking.

33. Per state law, the County, through its final policy makers, Sheriffs Puthoff and Christianson, was required to have a classification plan which allows for appeals and evaluations of classification status every 30 days. On 3-30-09 facility Commander, Lt. Lloyd testified under oath and penalty of perjury, in part; ① inmates are allowed classification evaluations no less than 30 days from the last request, and ② the classification criteria of max-sec. and administrative segregation (hereinafter "Ad-seg") are virtually identical in regards to the movement policy of the two, but Ad-seg is not required to remain in restraints on the yard.

34. Plaintiff was denied all requests for classification evaluations (hereinafter "class.-eval.") by any and all staff responding to his requests/grievances ranging from classification officials to the Commander of the Adult Detention Division

including; Sgt. Radza on 8·3·07 and 8·6·07; classification Lt. Clifton on 8·7·07 and by Cpt. Duncan on 8·13·07, who informed plaintiff he could not appeal directly to the sheriff because he, Cpt. Duncan, was the final stage of the appeal process.

35.     On the same day Cpt. Duncan responded to plaintiff's grievance regarding his right to outdoor exercise, 8·13·07 dep. Cardoza and another deputy unknown at this time, moved plaintiff back to x-tier, stating simply "you no longer qualify to be in 'D's", and housed him directly between a nazi-lowrider and a skin-head, where he was immediately "gassed" by Jeremy Spray before dep. Cardoza could leave the tier, as the hostile whites yelled to Cardoza and other staff to "get that nigger off our tier or he's gonna get it again!" to which dep. Cardoza replied "go ahead, we'll just move ya, he ain't leavin."

36.     The perpetrator was moved off the tier. Dep. Cardoza sought to minimize the risk of further attack by moving plaintiff to the cell directly in front of the control box. During the move plaintiff pleaded with dep. Cardoza to remove him from the tier and refused to enter the cell. Dep. Cardoza responded with a threat to taze plaintiff for non-compliance while pointing the beam of his tazer at plaintiff's chest. Plaintiff complied.

37.     On 8·18·07, with deputies unknown at this time operating the control box; 10·2·07 with dep. Maze and an unknown deputy operating the control box; and on 10·4·07 with unknown deputies operating the control box plaintiff was assaulted in his cell directly in front of the control box at shower time in the manner alleged in ¶ 27.

38.     Plaintiff submitted grievances to secure his person and requests for class. evals. to classification officials following each attack which were all denied for written reasons contrary to state requirements including: on 8·20·07 by dep. Escarcega stating "you cannot grieve your housing."; on 8-22-07 and 10·8·07 by Sgt. Radza stating "your classification is appropriate and will not be lowered at this time.", "it is impractical to cuff inmates going back and forth from the shower.", "if you're gassed ... you may

press charges."; and on 10-31-07 by Lt. Clifton who simply affirmed previous responses of his subordinates.

39.  Plaintiff was personally informed and allege that a max-sec. inmate, David Hess, attacked an inmate before staff and the victim, a white guy, refused to press charges. The officer who witnessed the crime pressed charges and informed the district attorney, as required by law and contrary to the claims of Sgt. Radza, which were affirmed by his superiors as alleged in ¶ 38.

40.  Plaintiff complained of emotional distress and mental anguish due to the combination of the lack of outdoor exercise and the continuous attacks in the hostile environment in his grievances and requests for class. evals. Per appeal policy of S.C.S.D. and S.C.M.J., the person responding to plaintiff's grievances/requests is required to review the response from the previous level. Yet each official named in ¶'s 34 ‡ 38 denied plaintiff's requests for class.-evals. and/or claimed he could not be moved off X-tier to secure his person because he was max-sec.; thereby ignoring the fact that the perpetrator was moved from X-tier following each attack, and that the purpose the state requires an "ad-seg." status is to secure inmates from harm being caused by other inmates.

41.  Plaintiff researched federal and state statutory and case law related to pretrial detainees due process rights as related to outdoor exercise and liberty interest in the classification process and procedures required in local jails per state law because he witnessed several white inmates classified as max.-sec. be reclassified as ad.-seg. and Min.-sec. including Russel Sieg, Russel Jones, Wendall Forest, and David Hess. Even inmates charged with capital murder, as was Plaintiff, La Ron Davis and Edward Mitchell, were allowed reductions from max.-sec. to ad.-seg. and Min.-sec. respectively; also a skin head, Mica Anges or Ames, received a reduction from max.-sec. to ad.-seg. within 30 days of attacking an inmate, Jeremy Gordon, on the tier while being escorted to the yard. These reductions allowed each inmate to be moved off X-tier and/or receive outdoor exercise without restraints.

wolf (74) 41 c ed 2q 935 = DIP clause of 14ᵗʰ speaks 2 "relationship of irun to shef.

Parrott 68

42.  Plaintiff alleges he was accused of gassing white inmates on 4-1-10 and 4-15-10. Both inmates/victims were promptly moved from the tier while plaintiff was charged with several rule violations including; assault, battery, hate crime(s), violation of housing unit rules and violation of inmate rules.

43.  Plaintiff sought classification evaluations and outdoor exercise approx. one year later for a 2nd time, now incorporating therein; ① the statutory and case law requirements and rulings, and the contradictions between said requirements and rulings and S.C.M.J. policies and practices as related to the treatment of plaintiff and other max.-sec. inmates; ② the facts alleged in ℙ's 38 through 41, highlighting inconsistencies; aswell as③ pleas to consut County counsel on the yard policy that was clearly unconstitutional.

44.  S.C.S.D. classification officers continued to deny requests and grievances based on, and referring to, the same reasons, contrary to clearly established law, given 1 year prior, including; Sgt. Radza, on 10-17-08 stating "your classification will remain the same", and on 10-21-08 stating "this [issue] has already been answered."; by Lt. Clifton on 10-30-08 stating "this was answered by myself and filed 8-7-07 and [Approved] and filed by Cpt. Duncan on 8-13-07. The requests and answer is the same."; and by Fac. Comm. Lt. Lloyd on 10-30-08, and 10-31-08 who deferred to the reasponses of his subordinates.

45.  On 10-31-08 plaintiff personally discussed the issues of his grievances as described in ℙ 43 with Lt. Lloyd who directed plaintiff to provide him the basis of his claims in a "request" so he could "personally investigate". On 11-24-08 Lt. Lloyd responded to plaintiff's request claiming he had "conferred with County Counsel and found no reason to change the current [yard] policy."

46.  Plaintiff appealed to Lt. Lloyd's superior, CPT. Duncan, who replied on 12-4-08 stating "this issue has been adequately addressed. The facility is in compliance with policy which is supported by County Counsel". [Speaking about the yard policy]

47.  On 3-30-09 facility commander, Lt. Lloyd, testified under oath and penalty of perjury as alleged in ℙ 33, Plaintiff began a 3rd round of class.-eval. related

9

grievances incorporating quotes from Lt. Lloyd's testimony therin. The denials for reasons contrary to state law, and to responses of others, continued including by Sgt. Wright on 6-2-09; by Lt. Suarez on 6-8-09, and by Cpt. Duncan on 6-15-09 stating "It's unlikely your present status will change at any time in the short-term. There's no difinitive time to request a change. So you may request it perhaps in six months or longer...", contrary to Lt. Lloyd's testimony and state law.

48.      Cpt. Duncan directed plaintiff to request copies of the departments classification procedures from Class. Sgt. wright who stated on 6-22-09 "your classification is reviewed every 60 days", and claimed "files and records are confidential in accordance with Gov. C 6254(f)". Plaintiff appealed to Lt. Lloyd who stated on 6-26-09 "there is no other portion that will be released to you." (clearly aware of the contradiction between his testimony and Sgt. Wright's response & trying to cover.). Plaintiff appealed back to Cpt. Duncan who simply referred to Lt. Lloyd's last response and confirmed on 7-13-09 "... no other portion will be physically released to you."

49      Plaintiff filed claims with the County Board of Supervisors requesting redress on 11-25-08 and 3-2-09, which were denied 12-3-08 and 4-13-09 respectively; orginal complaint, filed in this court 5-28-09 followed. However; before and during the events alleged in P's 47-48, in December of 2008 the local paper published an article reporting the allegations in the claim plaintiff filed 11-25-08 an the Stanislaus County Civil Grand Jury (hereinafter "grand Jury") conducted an investigation in the months of January, February, and March of 2009.

50.      The grand Jury reported, in part; ① "high-risk inmates were not allowed to exercise without restraints"; and ② "there were no clear 'written' guidlines and standards for the classification of inmates" [at S.C.M.J.], stating "the existing procedure appears to be an ad-hoc process failing to employ qualified staff specifically trained to make these decisions." The grand Jury recommended development of classification guidelines and training; and that high-risk inmates be allowed

exercise without restraints. [case # 09-18]

51.   This grand jury report was released between late June and early July of 2009; following the 4-19-09 classification related death of Craig Prescott, as alleged in ¶ 22; and the 3-30-09 classification related testimony of Lt. Lloyd. Clearly the events alleged in ¶'s 47 & 48 support the findings of the grand jury as related to the classification process at S.C.M.J.

52.   Sheriff Christianson, legally required to respond to the grand jury's findings and recommendations, claimed, in his response dated 7-24-09, that more than 30 pages of formal policy, procedures, and training specifically related to the classification of inmates in the "Stanislaus County Detention Facilities" have existed for years; and cited "the classification unit Sgt. provides policy updates and schedules bi-monthly meetings with the <u>entire unit in attendance</u>. Classification deputies are required to provide a unit report after every shift and the Sgt. reviews the unit reports on a daily basis... the classification deputies work <u>as a team</u> to ensure the safety and security of our facilities. The inmates are housed in the most appropriate locations available". Christianson admitted "max-sec. inmates, as a matter of longstanding policy, are to be in full restraints while on the yard. The [grand jury's] recommendations requires further analysis. Staff is reviewing this policy with <u>County Counsel</u>." ("Stanislaus County Detention Facilities" include facilities not under the management/authority of S.C.S.D.. And no specific policy of the S.C.S.D. or S.C.M.J in particular was ever cited or provided to the grand jury as reflected in the report.)

53   On 9-15-09 the County incorporated the same response of Sheriff Christianson, verbatim, in its "Action Agenda Summary" addressing the grand jury's findings and recommendations; thereby affirming knowledge of, and admitting approval and promulg-ation of an unconstitutional yard policy, as related to max-sec. inmates, and the existence of some type of classification policy it expects "Stanislaus County Detention Facilities" to follow; including the Stanislaus County Sheriff's Department.

[¶ Board agenda # B-3, File No. M-39·L·7]

54.     On 8-31-09 plaintiff began a 4th round of grievances for class.-evals. requesting opportunity for a hearing or specific reasons for denials with a reference to policy. The arbitrary and capricious denials continued by "classification officers" without explanation or reference to any controlling authority including; by dep. Mcleland on 9-3-09 stating "refer to past grievances"; by Classification Sgt. white on 9-8-09; by fac. Comm. Lt. Lloyd on 9-21-09; and on 10-7-09 by Cpt. Duncan stating "this issue is moot. The yard policy on restraints has already been modified", which has nothing to do with a classification evaluation.

55.     On 10-2-09 plaintiff was finally allowed to exercise on the yard without restraints as the grand jury recommend, but was continuously denied request for classification evaluations while other max-sec. inmates continued to receive reductions in their status.

## COUNT   I
### AS FOR A 1ST CAUSE OF ACTION FOR DEPRIVATION OF DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983 THROUGH COUNTY POLICY CAUSING DENIAL OF OUTDOOR EXERCISE,

Plaintiff realleges ¶'s 1-55 and allege further that:

56.     Plaintiff had a clearly established right, as a pre-trial detainee, to outdoor exercise protected by the due process clause of the 14th Amendment to the U.S. Constitution. (hereinafter "the 14th Amend.")

57.     42 U.S.C. § 1983 guarantees plaintiff the right to seek redress from parties whom, under color of state law promulgates policy which deprives or causes deprivation of rights, privileges and immunities guaranteed to him under the 14th Amend..

58     The County, through the sheriffs of S.C.S.D, defendants Puthoff and Christianson, admitted on 9-15-09 to promulgating a yard policy which resulted in physical and mental and emotional injuries to plaintiff, and deprived him of outdoor exercise for 189 weeks; but said policy, enforced under color and by virtue of the statutes, customs, ordinances, and usages of the state of california, County of Stanislaus, and the S.C.S.D, was illegal and negligent per se, and deliberately indifferent to plaintiff's due process

rights, and is the direct cause of plaintiff's injuries in violation of 42 U.S.C. §1983.

59.    The claims of S.C. M.J. Sac. Comm, Lt. Lloyd on 11-24-08, and Adult Detention Division Comm. Cpt. Duncan that the yard policy for max-sec. inmates was "supported by County Counsel" demonstrates reckless and gross disregard to plaintiff's constitutional rights, given the fact the policy was modified to meet constitutional standards after Sheriff Christianson affirmed staff would consult with County Counsel regarding said policy; which necessarily implies the problem with the yard policy and injuries plaintiff sustained from approx 11-24-08 would have been detected, and corrected, and prevented sooner, if said claims were true, and is the proximate cause for plaintiff's injuries for approximately 45 weeks.

60    The acts of Lt. Lloyd and Cpt. Duncan, as alleged in ¶'s 45-46, and 59 amounts to training and supervision of senior officials of S.C.S.D. So grossly negligent and deliberately indifferent to the constitutional rights of plaintiff and persons who may be kept in the custody of S.C.S.D. that future misconduct of S.C.S.D. employees is almost inevitable.

61    As a further and proximate result of the violation of plaintiff's rights, plaintiff was required to seek redress through this action and obligated to pay required fees in furtherance of this action arising out of the unconstitutional policy of the defendant County.

## (RELIEF CONTINUED)

the amount of $18,900 (eighteen thousand and nine hundred dollars) against the County for promulgating a yard policy resulting in the mental anguish, emotional distress, and physical injuries plaintiff sustained in violation of his constitutional rights and 42 U.S.C. §1983.

4.    That the court award punitive damages to plaintiff in the amount of $5,600 (five thousand and six hundred dollars) jointly against defendants Lt. R. Lloyd and Cpt. W. Duncan to encourage implementation of constitutionally sound policy and practices, and proper training and supervision of S.C.S.D. senior officials; and discourage further acts of reckless disregard, which could result in injuries similar to those

sustained by plaintiff being inflicted upon future inmates/pre-trial detainees.

5.    That the defendants be required to pay the legal costs and expenses herein; and if counsel represents defendants, that the Court appoint plaintiff counsel and hold defendants responsible for reasonable provision for plaintiff's attorney fees.

6    That the Court grant such further and additional relief that is just and appropriate herein.

### COUNT  II
REGARDING MATTERS RELATED TO ILLICIT USE OF SAFETY CELL.
AS FOR A 2nd CAUSE OF ACTION FOR DENIAL OF DUE PROCESS IN VIOLATION OF 42 U.S.C. §1983.

Plaintiff realleges P's 1-55 and allege further that:

62.    Plaintiff's rights as a pre-trial detainee not to be held incommunicado following arrest and booking, per Penal code §851.5; and the right to full and equal benefit of all laws and proceedings as is enjoyed by white citizens to be booked and processed per state law creates a substantial liberty interest entitled to the procedural protections of the due process clause of the 14th Amend.

63.    The County had an affirmative duty, through defendant Puthoff, to implement practices and policy that ensure plaintiff's rights, following arrest, are protected per state and federal law; and to properly train and supervise its employees regarding their ministerial duties associated with the plaintiff's right to use a phone after booking, and the proper use of the safety cell.

64.    California law establishes guidelines and requirements for local jails, and specific-ally regarding the use/purpose of the S.cell, criteria one must meet to be subjected thereto, and who can authorize said subjection; but plaintiff did not meet the criteria for S.cell subjection for any amount of time, and defendants acting under color and by virtue of the statutes, customs, ordinances, and usages of the state, county, and sheriff's Dept. deprived plaintiff of due process on 2-17-06 when Lt. Suarez, Sgt. Galles, and deputies, Mauldin and Meyers caused him to be subjected to the S.cell contrary to state law, and denied all his requests for phone access; and on 2-18-09 when Sgt. Truffa and dep. Williams continued to deny plaintiff's requests for phone access;

thereby collectively holding him incommunicado for 17 hours, but said acts were illegal, and each defendant, individually and in concert with others, acted willfully, knowingly, maliciously and with the specific intent to deprive plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983, the direct cause of plaintiff's injuries.

65.    The County, through its final policy maker for the S.C.S.D. on 2-17-06, and 2-18-06, defendant Puthoff:

A.    implemented policy and practices which were inconsistent with federal and state law, and are deliberately indifferent to plaintiff's constitutional rights, and is the proximate cause of his injuries; and/or

B.    failed to properly train and supervise, and control its employees in regards to their ministerial duties, created to ensure plaintiff's due process rights are protected following arrest; thereby creating within the sheriff's dept. an atmosphere of lawlessness and/or custom by which officers, acting under color of state law, deprive plaintiff of constitutional rights in the belief that such acts will be condoned and justified by their superiors. Defendants, County and Puthoff were or should have been aware of these unlawful acts and practices prior to and at the time plaintiff's constitutional rights were violated by its employees and is the proximate cause of plaintiff's injuries.

66.    The County through Puthoff has a policy/custom that amounts to a complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and persons with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable.

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.    That the Court determine and enter judgment declaring that the acts and omissions of defendants, as related to the use of the S.cell, as set forth in P's 1-22, and 62-66, violate the rights secured to the plaintiff by the 14th Amend. and other pre-trial detainees similarly situated.

2.    That the Court award nominal damages to plaintiff in the amount of $6,000

(Five thousand dollars) against defendants; County, Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deputies Mauldin, Meyers, and Williams for their acts and omissions contributing to the illicit subjection of plaintiff to the safety cell on 2-17-06, and 2-18-06, which resulted in the deprivation of plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

3.     That the court award presumed damages to plaintiff in the amount of $3,000 (three thousand dollars) against defendants; County, Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deputies Mauldin, Meyers, and Williams for their acts and omissions related to the illicit subjection of plaintiff to the safety cell on 2-17-06, and 2-18-06, which resulted in the mental anguish and emotional distress sustained by plaintiff in violation of 42 U.S.C. § 1983.

4.     That the Court award punitive damages to plaintiff in the amount of $18,000 (eighteen thousand dollars) jointly against defendants; Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deputies Mauldin, Meyers, and williams to encourage implement-ation of constitutionally sound policy, practices, and proper training and supervision of S.C.S.D. employees and discourage further acts and omissions stemming from the illicit use of the S. cell which could result in injuries similar to those sustained by plaintiff inflicted upon future arrestees.

5.     That the defendants be required to pay the legal costs and expenses herein; and if counsel represents defendants, that the Court appoint plaintiff counsel and hold defendants responsible for reasonable provision for plaintiff's attorney fees.

6.     That the Court grant such further and additional relief that is just and appropriate herein.

AS FOR A 3rd CAUSE OF ACTION FOR RACIALLY MOTIVATED INTERFERENCE WITH CIVIL RIGHTS UNDER COLOR OF STATE LAW IN VIOLATION OF 42 U.S.C. § 1981

Plaintiff realleges P's 1-55 and allege further that:

67.     Plaintiff and African American pre-trial detainees have a right to full and equal benefit of all laws and proceedings as is enjoyed by white citizens to be booked and processed per state law and not to be held incommunicado following arrest and booking contrary to

penal code § 851.5 which creates a substantial liberty interest entitled to the procedural protections of the due process clause of the 14th Amend.

68.    42 U.S.C. §1981 guarantees plaintiff the right to seek redress from parties that discriminate under color of state law and deprive or cause deprivation of civil rights, privileges, and immunities guaranteed to him under the 14th Amend., when said parties are motivated by racial animus.

69.    The County had an affirmative duty, through defendant Puthoff, to implement practices and policy that ensure the rights of plaintiff and African Americans, following arrest, are protected per state and federal law; and to properly train and supervise its employees regarding the proper use of the safety cell and the rights of plaintiff and African Americans not to be held incommunicado following booking.

70.    California law establishes guidelines and requirements for local Jails, and specifically regarding the use/purpose of the safety cell; criteria one must meet to be subjected thereto; and who can authorize said subjection; but the County has allowed its employees through S.C.M.J. to deprive African Americans due process and even life by subjecting them to the safety cell knowing they don't meet the criteria, but simply because they are black; including the plaintiff on 2-17-06 when Lt. Suarez, Sgt. Galles, and deps. Mauldin and Meyers caused him to be subjected to the S.cell contrary to state law and denied all his requests for phone access; on 2-18-06 when Sgt. Truffa and dep. Williams continued to deny plaintiff's requests for phone access, thereby collectively holding him incommunicado for 17 hours; also when the acts and omissions of of deputies unknown violated the due process rights of African Americans Kevin Tubbs and Craig Prescott, as alleged in ¶'s 21 and 22 respectively; but said acts are illegal and negligent per se, and each defendant, individually and in concert with others, acted willfully, knowingly, maliciously and with the specific intent to deprive plaintiff and African Americans of their civil rights because they are black in violation of 42 U.S.C. §1981, the direct cause of plaintiff's injuries

71    The County, through its final policy maker for the S.C.S.D. on 2-17-06 and 2-18-06, defendant Puthoff:

17

A.   implemented policy and practices which were unconstitutional, and are deliberately indifferent to the civil rights of African Americans and plaintiff, and is the proximate cause of his injuries; and/or

B.   failed to properly train, supervise, and control its employees in regards to their ministerial duties created to ensure the due process rights of African Americans and plaintiff are protected following arrest; thereby creating within the sheriff's dept. a custom by which officers, acting under color of state law, discriminately subject blacks to a safety cell, contrary to state law, to deprive them of full and equal benefit of all laws and proceedings as ~~other which~~ is enjoyed by white citizens because they are black; while whites, who meet the criteria for safety cell subjection, are not deprived of their rights through such subjection because they are not black, in the belief that such acts will be condoned and justified by their superiors. Defendants, County and Puthoff, were or or should have been aware of these unlawful acts and practices prior to and at the time plaintiff's rights were violated by its employees and is the proximate cause of plaintiff's injuries.

72.   The County, through Puthoff, has a custom that amounts to a complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and African American pre-trial detainees with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable.

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.   That the Court determine and enter judgment declaring that Penal Code §851.5 creates a substantial liberty interest for plaintiff and African Americans Right to communicate; that the acts and omissions of defendants, as related to the illicit use of the S.cell, as set forth in ¶'s 1-22 and 67-72 were under color of state law, racially motivated, and discriminate against blacks and plaintiff, which violates the rights secured to the plaintiff and other African American pre-trial detainees similarly situated, by the 14th Amend.

2.     That the Court award nominal damages to Plaintiff in the amount of $6,000 (six-thousand dollars) against defendants; County, Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deputies Mauldin, Meyers, and Williams for their discriminant acts and omissions related to their Racially motivated illicit subjection of plaintiff to a safety cell which resulted in the deprivation of plaintiff's civil rights in violation of 42 U.S.C. § 1981.

3.     That the Court award presumed damages to plaintiff in the amount of $6,000 (six-thousand dollars) against defendants; County, Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deps. Mauldin, Meyers, and Williams for their discriminant acts and omissions related to their racially motivated illicit subjection of plaintiff to a S.cell which resulted in the mental anguish and emotional distress sustained by plaintiff in violation of 42 U.S.C. § 1981

4.     That the Court award punitive damages to plaintiff in the amount of $18,000 (eighteen-thousand dollars) jointly against defendants; Puthoff, Lt. Suarez, Sgt. Galles, Sgt. Truffa, and deps. Mauldin, Meyers, and Williams to encourage implementation of constitutionally sound policy, practices, and proper training and supervision of S.C.S.D. employees; and discourage further racially motivated discriminant acts and omissions stemming from the illicit use of the safety cell which would result in injuries similar to those sustained by plaintiff and other blacks named in P's 21, and 22 inflicted upon future African American pre-trial detainees.

5.     That the defendants be required to pay the legal costs and expenses herein; and if counsel represents defendants, that the Court appoint plaintiff counsel and hold defendants responsible for reasonable provision for plaintiff's attorney fees.

6.     That the court grant such further and additional relief that is just and appropriate herein.

## COUNT III
REGARDING MATTERS RELATED TO ASSAULTS AND FAILURE TO SECURE
AS A 4th CAUSE OF ACTION FOR DENIAL OF FULL & EQUAL BENEFIT OF ALL LAWS
AND PROCEEDINGS TO SECURE PERSON IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff realleges P's 1-55 and allege further that:

73.     Plaintiff has a clearly established right, as a pre-trial detainee, to full and equal benefit of all laws and proceedings for the security of his person as is enjoyed by white citizens, protected by state law and the due process clause of the 14th Amend.

74.    42 U.S.C. 31983 guarantees plaintiff the right to seek redress from parties whom, under color of state law, promulgates a policy/custom which deprives or causes deprivation of rights, privileges, and immunities guaranteed to him under the 14th Amend.

75.    The County, through the sheriff, has an affirmative duty to implement a constitutionally sound housing and classification plan which achieves the objective of ensuring the safety of staff and inmates/plaintiff per California law; allows reasonable efforts to protect plaintiff's civil rights while in their custody; and to properly train and supervis its employees in regards to policy and procedure related to said plan and its application.

76.    Plaintiff was deprived his constitutional right to due process and full and equal benefit of all laws and proceedings as is enjoyed by white citizens on 2-18-06 when defendants, Lt. Suarez approved the acts of Sgt. Truffa and dep. Williams to conscientiously disregard their duty to use due care, consistent with state law, and housed plaintiff in an environment hostile to him and African Americans, which they knew or should have reasonably known created a substantial risk of harm to plaintiff based on the history of previous blacks housed on X-tier; but said acts, under color of state law, were illegal, and negligent per se and each defendant, individually and in concert with others, acted willfully, knowingly, maliciously, and with the specific intent to deprive plaintiff of his civil rights in violation of 42 U.S.C. 3 1983; the proximat cause of the physical & mental injuries plaintiff suffered 2-26-06.

77.    Plaintiff was deprived his clearly established rights, as a pre-trial detainee, to be secure in his person and be free from fear of, and actual, assault and battery on; approximately 2-26-06 by acts and omissions of deps. Aziz and Williams; on 10-2-07 by acts and omissions of deps. Maze and an unknown dep.; and on 8-18-07 and 10-4-07 by acts and omissions of deputies unknown; which said acts and omissions directly resulted in physical harm perpetrated against plaintiff on each date; but said acts and omissions, under color of state law, consisted of conscience disregard of duty to use due care and follow proper procedure, as related to the movement of max-sec. inmates, were illegal and negliget per se, and each defendant, named and unknown, individually, and in concert with others acted

20

willfully, knowingly, maliciously, and with the specific intent to expose plaintiff to harm and deprive him of his constitutional rights in violation of 42 U.S.C. §1983, the direct cause of physical and mental injuries plaintiff suffered 2-26-06, 8-18-07, 10-2-07 and 10-4-07.

78.    Plaintiff was deprived his clearly established civil rights, as a pre-trial detainee, to secure his person, be free from fear of, and actual, assault and battery, and to full and equal benefit of all laws and proceedings as is enjoyed by white citizens on 8-13-07 when defendants, Lt. Clifton approved the acts of Sgt. Radza, and Dep. Cardoza to conscientiously disregard their duty to use due care, and rehouse plaintiff in the hostile environment where he was previously attacked, directly between two hostile whites, and resulted in an immediate physical attack; but said acts, under color of state law, were negligent per se and illegal, and each defendant, individually and in concert with others, acted willfully, knowingly, maliciously, and with the specific intent to deprive plaintiff of his civil rights in violation of 42 U.S.C. §1983, the direct cause of the physical and mental injuries plaintiff suffered on 8-13-07 and proximate cause of injuries on 8-18-07, 10-2-07, and 10-4-07.

79    The County, through its final policy makers for the S.C.S.D. defendants Puthoff, during 2-26-06, and Christianson, during 8-13-07, 8-18-07, 10-2-07, and 10-4-07:

A.    implemented policy and practices which were unconstitutional and deliberately indifferent to plaintiff's constitutional rights, and is the proximate cause of his injuries; and/or

B.    failed to properly train and supervise, and control its employees in regards to their ministerial duties, required per law, to ensure safety of plaintiff and protection of his civil rights; thereby creating within the Sheriff's Dept. a custom in which officers, acting under color of state law, arbitrarily and capriciously subject plaintiff to hate crimes/attacks in violation of his civil rights in the belief that such acts will be condoned and justified by their superiors. The County, through the sheriffs, were or should have been aware of these illicit acts and practices prior to and at the time plaintiff's civil rights were violated by SC-S.D. employees and is the proximate

cause of plaintiff being repeatedly subjected to hate crimes, made to suffer grievous bodily harm, great emotional trauma, discomfort and embarrassment; and deprived of due process in violation of 42 U.S.C. §1983.

80.     The County, through Puthoff and Christianson has a policy/custom that amounts to complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and persons with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.     That the Court determine and enter Judgment declaring; plaintiff has a right to be secure in his person and to due process; the County has an obligation to ensure plaintiff's rights, as a pre-trial detainee, are protected; that the acts and omissions of defendants were under color of state law, resulted in numerous assaults against plaintiff and deprived him his right to due process; were negligent per se, and violate the clearly established rights plaintiff has as a pre-trial detainee secured to him by the 14th Amend., and other pre-trial detainees similarly situated.

2.     That the Court award compensatory damages to plaintiff in the amount of:

   A.  $15,000 (fifteen-thousand dollars) against defendants, County, Puthoff, Lt. Suarez, Sgt. Truffa, and dep. Williams for their acts and omissions on 2-18-06 amounting to negligence per se, and denial of procedural due process under color of state law; and was the proximate cause of the physical and mental injuries plaintiff suffered on approx. 2-26-06 in violation of 42 U.S.C. §1983;

   B.  $25,000 (twenty-five thousand dollars) against defendants, County, Puthoff, dep. Aziz, and dep. Williams for their acts and omissions on 2-26-06 amounting to negligence per se, and denial of due process under color of state law; and was the direct cause of the physical and mental injuries plaintiff suffered in violation of 42 U.S.C. §1983;

   C.  $25,000 (twenty-five thousand dollars) against defendants, County, Christianson,

cause of plaintiff being subjected repeatedly to hate crimes, made to suffer grievous bodily harm, great emotional trauma, discomfort and embarrassment; and deprived of due process in violation of 42 U.S.C. § 1983,

80.     The county, through Puthuff and Christianson has a policy/custom that amounts to complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and persons with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable.

## WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.     That the Court determine and enter judgment declaring that the acts and omissions of defendants a

Lt. Clifton, Sgt. Radza, and dep. Cardoza for their acts and omissions on 8-13-07 amounting to negligence per se, and denial of procedural due process under color of state law; and was the direct cause of the physical and mental injuries plaintiff suffered on 8-13-07 in violation of 42 U.S.C. § 1983;

D.   D.   $25,000 (twenty-five thousand dollars) against defendants, County, Christianson, dep. Maze, and his unknown partner/co-worker for their acts and omissions on 10-2-07 amounting to negligence per se, and denial of procedural due process under color of state law; and was the direct cause of the physical and mental injuries plaintiff suffered on 10-2-07 in violation of 42 U.S.C. § 1983; and

E.   E.   $50,000 (fifty-thousand dollars) against defendants, County, Christianson, and the four unknown deputies, for their acts and omissions on 8-18-07, and 10-4-07 amounting to negligence per se, and denial of procedural due process under color of State law; and was the direct cause of the physical and mental injuries plaintiff suffered on 8-18-07 and, 10-4-07 in violation of 42 U.S.C. § 1983.

3.      That the Court award punitive damages to plaintiff in the amount of:

A.      $30,000 (thirty thousand dollars) jointly against defendants, Puthoff, Lt. Suarez, Sgt. Truffa, and dep. Williams;

B.      $50,000 (fifteen thousand dollars) jointly against defendants, Puthoff, dep. Aziz, and dep. Williams;

C.      $50,000 (fifty thousand dollars) jointly against defendants, Christianson, Lt. Clifton, Sgt. Radza, and dep. Cardoza;

D.      $50,000 (fifty thousand dollars) jointly against defendants, Christianson, dep. Maze, and the unknown deputy; and

E.      $100,000 (one hundred thousand dollars) jointly against defendants, Christianson, and the four unknown deputies working on 8-18-07 and 10-4-07, to encourage implementation of constitutionally sound policy, practice, and procedures, and proper training and supervision of S.C.S.D. employees; and discourage further acts and omissions stemming from abuse of their official positions; gross negligence; and deliberate indifference to the

the rights of inmates in custody of the S.C.S.D., which could result in injuries similar

to those sustained by plaintiff inflicted upon future arrestees.

4.    That the defendants be required to pay the legal costs and expenses herein; and

if counsel represents defendants, that the Court appoint plaintiff counsel and hold

defendants responsible for reasonable provision for plaintiff's attorney fees.

5.    That the Court grant such further and additional relief that is just and

appropriate herein.

AS FOR A 5ᵗʰ CAUSE OF ACTION FOR RACIALLY MOTIVATED DENIAL OF
FULL AND EQUAL BENEFIT OF ALL LAWS AND PROCEEDINGS UNDER
COLOR OF STATE LAW IN VIOLATION OF 42 U.S.C. §1981.

Plaintiff realleges ¶'s 1-55 and allege further that:

81.    Plaintiff and African American pre-trial detainees have a clearly established

right, as pre-trial detainees, to full and equal benefit of all laws and proceedings for

the security of their person as is enjoyed by white citizens, protected by state law

and the due process clause of the 14ᵗʰ Amend.

82.    42 U.S.C. §1981 guarantees plaintiff the right to seek redress from parties that

discriminate under color of state law, and deprive or cause deprivation of civil rights,

privileges, and immunities guaranteed to him under the 14ᵗʰ Amend., when said

parties are motivated by racial animus.

83.    The County, through the sheriff, has an affirmative duty, per state law, to

implement a constitutionally sound housing and classification plan which achieves the

objective of ensuring the safety of staff, blacks, and plaintiff; allows reasonable

efforts to protect the civil rights of plaintiff and blacks while in their custody; and to

properly control, train and supervise its employees in regards to policy, procedures,

and practices related to said plan and its application.

84.    Plaintiff was deprived his constitutional right to due process, and full and equal

benefit of all laws and proceedings as is enjoyed by white citizens on 2-18-06 when

defendants employed an illicit practice whereby Lt. Suarez approved the acts of Sgt.

Truffa and dep. Williams to conscientiously disregard their duty to use due care,

24

consistent with state law, and housed plaintiff in an environment hostile to him and African Americans, which they knew or should have reasonably known created a substantial risk of harm to plaintiff based on the history of previous attacks of blacks on x-tier; but said acts, under color of state law, were discriminate, illegal, and negligent per se, and each defendant, motivated by racial animus, individually and in concert with others, acted willfully, knowingly, maliciously and with the specific intent to deprive plaintiff of his civil rights because he is African American in violation of 42 U.S.C. § 1981; the proximate cause of the physical and mental injuries plaintiff suffered 2·26·06.

84.     Defendants Lt. Clifton, Sgt. Radza, dep. Cardoza and his partner were motivated by racial animus on 8-13-07 and/or in retaliation to plaintiff seeking redress regarding classification evaluations and outdoor exercise when they recklessly disregarded their duty to use due care and rehoused plaintiff on x-tier, where he had previously been attacked; but said acts, under color of state law, were discriminate, illegal, and negligent per se, and each defendant, motivated by racial animus, individually and in concert with others acted willfully, knowingly, maliciously, and with the specific intent to deprive plaintiff of his civil rights because he is African American in violation of 42 U.S.C. § 1981; and is the direct cause of physical and mental injuries plaintiff suffered on 8-13-09.

85.     S.C.S.D. officers have a custom of discriminately interfering with the clearly established rights of blacks to due process and full and equal benefit of all laws and proceedings as is enjoyed by white inmates by conscientiously disregarding their duty to use due care whereby they place blacks in an environment hostile to African Americans, then disregard the risk of placing them in further harm by ignoring the max.-sec. movemet policy at shower time which results in hostile whites perpetrating hate crimes against them. Plaintiff was subjected to and made victim of this illicit practice on; 2·26·06 effectuated through deputies Aziz and Williams; on 10·2·07 effectuated through dep. Maze and his partner; and on 8·18·07 and 10·4·07 effectuated through the unknown deputies, which directly resulted

in plaintiff suffering grievous bodily harm, and great emotional trauma, on each date, because he is African American, and the defendants were motivated by racial animus; but said acts, under color of state law, were discriminate, illegal, and negligent per se, and each defendant, named and unknown, motivated by racial animus, individually and in concert with others acted willfully, knowingly, maliciously, and with the specific intent to deprive plaintiff of his civil rights because he is African American in violation of 42 U.S.C. § 1981; and is the direct cause of physical and mental injuries plaintiff suffered on 2-26-06, 8-18-07, 10-2-07, and 10-4-07.

86.    The County through its final policy makers for the S.C.S.D., defendants, Puthoff and Christianson, failed to properly train, supervise, and control their employees in regards to their ministerial duties created to ensure the safety and due process rights of African Americans and plaintiff are protected while in the custody of S.C.S.D.; thereby creating a custom within the sheriff's Dept. by which officers, acting under color and virtue of the statutes, customs, ordinances, and usages of the state, county, and sheriff's Dept., discriminately subject black inmates to hate crimes at the hands of whites, to deprive them of due process, and full and equal benefit of all laws and proceedings to protect their person as is enjoyed by white inmates; while officers afford whites who are attacked the full benefit of the law to secure their person, in the belief that such acts will be condoned and justified by their superiors. Defendants, county, Puthoff, and Christianson, were or should have been aware of these illicit acts, practices, and customs prior to and at the time plaintiff's civil rights were violated by S.C.S.D. employees and is the proximate cause of plaintiff being repeatedly subjected to hate crimes, made to suffer grievious bodily harm, great emotional trauma, discomfort and embarrassment; and deprived of due process in violation of 42 U.S.C. § 1981

87.    The County, through Puthoff and Christianson, has a custom that amounts to a complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and African American pre-

26

trial detainees with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable.

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.   That the Court determine and enter judgment declaring plaintiff has a right to due process, and full and equal benifit of all laws and proceedings to secure his person, as is enjoyed by white inmates ; the County has an obligation to ensure plaintiff's rights, as a pretrial detainee, are protected from the racially discriminant interference of S.C.S.D. employees ; that the acts and omissions of defendants were under color of state law, racially discriminant towards African Americans ; negligent per se ; resulted in numerous assaults against plaintiff and deprived him his right to due process ; and violate clearly established rights plaintiff has as a pre-trial detainee secured to him by the 14th Amend., and other African American pre-trial detainees similarly situated.

2.   That the Court award compensatory damages to plaintiff in the amount of :

A.   $ 15,000 (fifteen thousand dollars) against defendants, County, Puthoff, Lt. Suarez, Sgt. Troffa, and dep. Williams for their acts and omissions on 2-18-06 amounting to negligence per se, and denial of procedural due process under color of state law ; and was the proximate cause of the physical and mental injuries plaintiff suffered on approx 2-26-06 in violation of 42 U.S.C. § 1981 ;

B.   $ 25,000 (twenty-five thousand dollars) against defendants, County, Puthoff, dep. Aziz, and dep. Williams for their racially motivated discriminant acts and omissions on 2-26-06 amounting to negligence per se, and denial of due process under color of state law ; and was the direct cause of the physical and mental injuries plaintiff suffered in violation of 42 U.S.C. § 1981 ;

C.   $ 25,000 (twenty-five thousand dollars) against defendants, County, Christianson, Lt. Clifton, Sgt. Radza, and dep. Cardoza for their racially motivated discriminant acts and omissions on 8-13-07 amounting to negligence per se, and denial of procedural due process under color of state law ; and was the direct cause

of the physical and emotional injuries plaintiff suffered on 8-13-07 in violation of 42 U.S.C. §1981;

D.      $25,000 (twenty-five thousand) against defendants, County, Christianson, dep. Maze, and his unknown partner for their racially motivated discriminant acts and omissions on 10-2-07 amounting to negligence per se, and denial of procedural due process under color of state law; and was the direct cause of the physical and mental injuries plaintiff suffered on 10-2-07 in violation of 42 U.S.C. §1981; and

E.      $50,000 (fifty thousand dollars) against defendants, County, Christianson, and the four unknown deputies for their racially motivated discriminant acts and omissions on 8-18-07, and 10-4-07 amounting to negligence per se, and denial of procedural due process under color of state law; and was the direct cause of the physical and mental injuries plaintiff suffered on 8-18-07, and 10-4-07 in violation of 42 U.S.C. §1981.

3.      That the Court award punitive damages to plaintiff in the amount of:

A.      $30,000 (thirty thousand dollars) jointly against defendants, Puthuff, ~~dep. Aziz, and dep. Williams;~~ Lt. Suarez, Sgt. Truffa, and dep. Williams;

B.      $50,000 (fifty thousand dollars) jointly against defendants, ~~Christianson,~~ Puthuff, ~~Lt. Clifton~~ dep. Aziz, and dep. Williams;

C.      $50,000 (fifty thousand dollars) jointly against defendants, Christianson, Lt. Clifton, Sgt. Radza, and dep. Cardoza;

D.      $50,000 (fifty thousand dollars) jointly against defendants, Christianson, dep. Maze, and the unknown deputy working with him on 10-2-07; and

E.      $100,000 (one hundred ~~thousand~~ dollars) jointly against defendants, Christianson, and the two separate sets of deputies working on 8-18-07, and 10-4-07, to encourage implementation of constitutionally sound policy, practice, and procedures; and proper training and supervision of S.C.S.D. employees; and discourage further racially motivated discriminant acts and omissions towards African Americans, stemming from abuse of their official positions; gross

negligence; and deliberate indifference to the rights of African American inmates in the custody of the S.C.S.D., which could result in injuries similar to those sustained by plaintiff inflicted upon future arrestees.

4.     That the defendants be required to pay the legal costs and expenses herein; and if counsel represents defendants, that the Court appoint plaintiff counsel and hold defendants responsible for reasonable provision for plaintiff's attorney fees.

5.     That the Court grant such further and additional relief that is just and appropriate herein.

## COUNT IV
### REGARDING MATTERS RELATED TO STATE REQUIRED CLASSIFICATION PLAN
### AS FOR A 6th CAUSE OF ACTION FOR INJURIES CAUSED BY DEPRIVATION OF DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff realleges P's 1-88 and allege further that:

88.     California law requires local jails to develop a classification plan which, in part, guarantees Pre-trial detainees and plaintiff the right to grieve prison conditions and policies through an appeal process; and ensures an inmate can secure his person from fear of and actual physical harm; thereby creating a substantial liberty interest entitled to the procedural protection of the due process clause of the 14th Amend.

89.     S.C.S.D. classification officers have an obligation to ensure plaintiff receive the full and equal benefit afforded by a classification evaluation, a requisite part of the classification plan required per state law; to secure his person, and to determine if a more favorable classification status, allowing more liberty is attainable; and if not, what plaintiff needs to do to reach desired status in the future, if he is able; and if not able, to be provided the reason(s) therefore and the controlling authorities

90.     Defendants were grossly negligent and/or disregarded their duty to use due care when the arbitrarily and capriciously denied plaintiff's request for Class. evals. with callous disregard of plaintiff's rights to due process; but said acts, under color of state law were negligent per se, and illegal, and each defendant, individually,

and in concert with others acted willfully, knowingly, maliciously, and with the specific intent to deprive plaintiff of his constitutional rights in violation of 42 U.S.C. §1983 as follows: by Sgt. Radza on 8-3-07, 8-4-07, 8-22-07, 10-8-07 10-17-08, and 10-21-08; by Lt. Clifton on 8-6-07, 10-31-07, and 10-30-08; by Cpt. Duncan on 8-9-07, 12-4-08, 6-15-09, 7-13-09, and 10-7-09; by dep. Escarceza on 8-20-07; by Lt. Lloyd on 10-30-08, 10-31-08, 11-24-08, 6-26-09, and 9-21-09; by Sgt. White on 6-22-09, and 9-8-09; by dep. McLeland on 9-3-09; by Sgt. Wright on 6-2-09; and by Lt. Suarez on 6-8-09.

91.    Plaintiff was denied procedural due process and full and equal benefit of all laws and proceedings, afforded by state required classification plan, as is enjoyed by white citizens/inmates in violation of 42 U.S.C. § 1983 as a direct result of classification related/based acts and omissions of defendants, Sgt. Radza, Lt. Clifton, Cpt. Duncan, and dep. Escarceza for 34 months; of Lt. Lloyd for 21 months; of Lt. Suarez, Sgt. Wright, and Sgt. White for 12 months; and of dep. McLeland for nine months, from the respective dates associated with each defendant as alleged in ¶. 90.

92.    Plaintiff was denied his right to due process, as related to his right to outdoor exercise, in violation of 42 U.S.C. §1983 as a proximate result of the classification based acts and omissions of defendants; Sgt. Radza, Lt. Clifton, Cpt. Duncan, and dep. Escarceza for 25 months; of Lt. Lloyd for 11 months; of Lt. Suarez, Sgt. Wright, and Sgt. White for 3 months; and dep. McLeland for one month from the respective dates associated with each defendant as alleged in ¶ 90.

93.    Plaintiff was denied his right to due process, as related to the security of his person from physical harm, and was subjected to attacks on 10-2-07 and 10-4-07, as a proximate result of the classification based acts and omissions of dep. Escarceza on 8-20-07; and subjected to attacks on 8-13-07, 8-18-07, 10-2-07 and 10-4-07, as a proximate result of the classification related acts and omissions of Sgt. Radza on 8-3-07, 8-4-07, and 8-22-07; Lt. Clifton on 8-6-07; and Cpt.

Duncan on 8-7-07 in violation of 42 U.S.C. § 1983.

94.    The County, through its final policy maker for the S.C.S.D., defendants Christianson, failed to properly train, supervise, and control its employees in regards to their ministerial duties, as related to the state required classification plan, to ensure plaintiff could secure his person ; and exercise his due process rights through constitutionally sound responses to his grievances to secure his person and class-evals.; thereby creating within the sheriff's dept. a custom in which officers, acting under color of state law, arbitrarily and capriciously deprive plaintiff of due process rights in violation of his civil rights in the belief that such acts will be condoned and justified by their superiors. The County, through Christianson, were or should have been aware of these illicit acts and omissions prior to and at the time plaintiff's civil rights were violated by S.C.S.D. employees and is the proximate cause of plaintiff's classification related injuries and deprivations in violation of 42 U.S.C. § 1983.

95.    The County, through christianson, has a policy/custom that amounts to a complete failure to train or training so grossly negligent and amounts to deliberate indifference to the rights of plaintiff and persons with whom S.C.S.D. employees comes into contact with that future misconduct of its employees is almost inevitable.

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.    That the Court determine and enter judgment declaring that the classification related acts and omissions of defendants, as set forth in ¶'s 1-95 deprived plaintiff his due process rights in the numerous forms alleged in the aforementioned paragraphs, which violate the clearly established liberty interests plaintiff has as a pre-trial detainee secured to him by the 14th Amend.; and other pre-trial detainees similarly situated.

2.    That the Court award compensatory damages to plaintiff in the amount of:

A.    $10,000 (ten thousand dollars) against defendants, County, Christianson,

31

and dep. Escarceza for the classification related acts and omissions of dep. Escarceza on 8-20-07 amounting to negligence per se and denial of procedural due process under color of state law; and was the proximate cause of the physical and mental injuries plaintiff suffered on 10-2-07 and 10-4-07 in violation of 42 U.S.C. § 1983;

B.      $60,000 (sixty thousand dollars) against defendants, County, Christianson, Cpt. Duncan, Lt. Clifton, and Sgt. Radza for the classification related acts and omissions of; Sgt. Radza on 8-3-07, 8-4-07, and 8-22-07; Lt. Clifton on 8-6-07; and Cpt. Duncan on 8-7-07 amounting to negligence per se and denial of procedural due process under color of state law; and was the proximate cause of the physical and mental injuries plaintiff suffered on 8-13-07, 8-18-07, 10-2-07, and 10-4-07 in violation of 42 U.S.C. §1983;

3.   That the Court award nominal and presumed damages to plaintiff in the amount of:

A.      $40,000 (forty thousand dollars) against defendants, County, Christianson, Cpt. Duncan, Lt. Clifton, Sgt. Radza, and dep. Escarceza;

B.      $4,400 (four thousand and four hundred dollars) against defendants, County, Christianson, and Lt. Lloyd;

C.      $3,600 (three thousand and six hundred dollars) against defendants, County, Lt. Suarez, Sgt. White, and Sgt. Wright; and

D.      $400 (four hundred dollars) against defendants County, Christianson, and dep. McLeland for the classification related acts and omissions of each defendant, perspective to the dates related to each, individually, as alleged in ¶'s 90 and 92, amounting to negligence per se and denial of procedural due process; and were the proximate cause of the mental anguish, emotional distress, and physical injuries plaintiff sustained, stemming from prolonged outdoor exercise in restraints and arbitrary and capricious denials of class.-evals. to obtain a status allowing outdoor exercise without restraints in violation of 42 U.S.C. §1983.

4.   That the Court award nominal damages to plaintiff in the amount of:

A.      $54,000 (fifty-four thousand dollars) against defendants County,

32

Christianson, dep. Escarceza, Sgt. Radza, Lt. Clifton, and Cpt. Duncan;

B.      $ 8,400 (eight thousand and four hundred dollars) against defendants, County, Christianson, and Lt. Lloyd;

C.      $ 14,400 (fourteen thousand and four hundred dollars) against defendants, County, Christianson, Lt. Suarez, Sgt. White, and Sgt. Wright; and

D.      $ 3,600 (three thousand and six hundred dollars) against defendants, County, Christianson, and dep. McLeland for the classification related acts and omissions of each defendant, perspective to the dates related to each individually, as alleged in ¶'s 90 and 91 amounting to negligence per se and denial of procedural due process; and were the direct cause of plaintiff being denied full and equal benifit of all laws and proceedings; to wit, classification evaluations, for the specified number of months, as alleged in ¶91; representing the number of months each defendants classification related acts and omissions contributed to plaintiff's prolonged deprivation of civil rights in violation of 42 U.S.C. § 1983.

5.      That the Court award punitive damages to plaintiff in the amount of:

A.      $ 33,600 (thirty-three thousand and six hundred dollars) jointly against defendants, Christianson, and dep. Escarceza;

B.      $ 130,800 (one hundred and thirty thousand and eight hundred dollars) jointly against defendants, Christianson, Cpt. Duncan, Lt. Clifton, and Sgt. Radza;

C.      $ 12,800 (twelve thousand and eight hundred dollars) jointly against defendants, Christianson, Lt. Suarez, Sgt. White, and Sgt. Wright; and Lt. Lloyd;

D.      $ 18,000 (eighteen thousand dollars) jointly against defendants, Christianson, Lt. Suarez, Sgt. White, and Sgt. Wright; and

E.      $ 4,000 (four thousand dollars) jointly against defendants Christianson, and dep. McLeland, to encourage implementation and retention of constitutionally sound classification related practices, policies, and procedures; and proper training and supervision of S.C.S.D. officers; and discourage further classification related / based acts and omissions of officers stemming from abuse of their official position

within S.C.S.D., , gross negligence, and deliberate indifference to the rights of inmates in custody of the S.C.S.D. which could result in injuries similar to, or worse than, those sustained by plaintiff inflicted upon future pre-trial detainees.

6.     That the defendants be required to pay the legal costs and expenses herein; and if counsel represents defendants, that the Court appoint plaintiff counsel and hold defendants responsible for reasonable provision for plaintiff's attorney fees.

7.     That the Court grant such further and additional relief that is just and appropriate herein.