UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00012-AWI-SAB (PC)<br><br>ORDER DENYING RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 19) |

Plaintiff Columbus Allen, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Magistrate Judge Stanley A. Boone screened Plaintiff's complaint and found that it stated a cognizable claim; and on April 29, 2014, the undersigned issued an order dismissing certain claims and defendants and referring the matter back to Judge Boone for further proceedings. (ECF Nos. 7, 11.) On June 4, 2014, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 15.) On June 5, 2014, Judge Boone issued an order denying Plaintiff's motion for appointment of counsel. Plaintiff filed objections to the order denying counsel on June 20, 2014. (ECF No. 19.) The Court construes the objection as a motion for reconsideration.

The Magistrate Judge's decision on nondispositive pretrial issues is reviewed under the clearly erroneous standard. <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991); <u>see also</u> Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to

1  support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a
2  mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

3  As explained in the Magistrate Judges order, Plaintiff does not have a constitutional right to
4  appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court
5  cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v.
6  United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  While in
7  certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant
8  to section 1915(e)(1), Rand, 113 F.3d at 1525, Judge Boone did not find that such circumstances exist
9  here.

10  In considering whether to appoint counsel, Judge Boone evaluated the likelihood of success on
11  the merits and Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal
12  issues involved.  Id.  As Judge Boone found, Plaintiff is proceeding on a due process violation for
13  denial of access to telephone privileges, failure to protect, and retaliation and the legal issues presented
14  here are not complex.

15  Judge Boone's finding that some of the complaint's causes of action comply with Rule 8(a) is
16  merely a judicial finding that Plaintiff has set forth sufficient factual allegations, if accepted as true, to
17  state a claim that is plausible on its face.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Such a
18  finding is far different than a finding that there is reasonable cause to believe that the plaintiff will win
19  on the merits of his claim because he has proved he was the victim of retaliations, that there was a
20  failure to protect, or a violation of due process.  Thus, the Magistrate Judge's finding that the
21  complaint states a claim under Rule 8 is not sufficient to fine that Plaintiff is likely to prevail on the
22  merits of his claims.

23  Finally, the Court has reviewed the pleadings in this action and Plaintiff's objection and finds
24  that Plaintiff seems quite capable of adequately articulating his claims.  Plaintiff was able to gather
25  and present crucial facts in a forty-one page complaint to state a cognizable claim in this action.
26  Further, Plaintiff's objection demonstrates that he is able to research and under the relevant law.

27
28

1   Thus, the Court cannot find that the Magistrate Judge committed clear error in finding Plaintiff
2 not entitled to counsel in this action.  Accordingly, Plaintiff's objection, construed as a motion for
3 reconsideration, is HEREBY DENIED.

5 IT IS SO ORDERED.

6 Dated:   June 30, 2014                           _____
7                                                                 SENIOR  DISTRICT  JUDGE