UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>STANISLAUS COUNTY, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-00012-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>[ECF No. 29] |

Plaintiff Columbus Allen, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 29, 2014, Defendants filed a motion to dismiss the instant complaint.  (ECF No. 22.) Plaintiff did not file an opposition or statement of non-opposition pursuant to Local Rule 230(l).

On September 25, 2014, the undersigned directed Plaintiff to show cause within thirty days as to why the action should not be dismissed for failure to prosecute.  (ECF No. 29.)  Plaintiff has failed to respond to the Court's order.

**I.**

**DISCUSSION**

Local Rule 110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since January 3, 2013. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible. The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address.

## II.

## RECOMMENDATION

Based on the foregoing, Plaintiff has failed to prosecute this action and failed to comply with the Local Rules. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of

dismissal of the matter.  No lesser sanction is feasible given Plaintiff's inability to comply with the Court's orders.

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED, with prejudice, for failure to prosecute;
2. Defendants' motion to dismiss be DENIED as MOOT; and
3. The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2014**

UNITED STATES MAGISTRATE JUDGE