UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al.,<br><br>Defendants. | Case No.: 1:13-cv-00012-AWI-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST TO EXTEND TIME TO FILE A DISPOSITIVE MOTION RELATING TO EXHAUSTION OF THE ADMINISTRATIVE REMEDIES, AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 56] |

Plaintiff Columbus Allen, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 7, 2015, Defendants filed a request to extend the time to file a dispositive motion relating to exhaustion of the administrative remedies. Finding good cause for the extension of time, the Court granted Defendants' motion on May 8, 2015, and set the deadline to file a dispositive motion relating to exhaustion of the administrative remedies as August 11, 2015. (ECF No. 55.)

Now pending before the Court is Plaintiff's opposition to Defendants' motion for an extension of time, filed May 20, 2015. (ECF No. 56.) Plaintiff contends that Defendants were aware of the exhaustion of the administrative remedies issue since at least the filing of their motion to dismiss on July 29, 2014, and Plaintiff will be prejudiced by an extension of time. Plaintiff further requests that if the Court finds good cause to grant Defendants' motion for an extension of time counsel be appointed to represent him in this action.

    The Court granted Defendants' May 7, 2015, request for an extension of time finding good cause based on the representation by defense counsel that the investigation is taking longer to complete than anticipated despite Defendants' best efforts as numerous individuals are involved and there are four different claims in this action, and discovery may be necessary in order to complete a motion relating to exhaustion.  Plaintiff has failed to overcome the showing of good cause set forth by Defendants, and his objections to Defendants' motion for an extension of time are OVERRULED.

    As to Plaintiff's request for the appointment of counsel, it must be denied.  Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u>  (internal quotation marks and citations omitted).  Further,  granting an extension of time does not necessitate the appointment of counsel, nor is the Court obligated to give one party something after another was granted their request.  Request are assessed individually based upon the law and not on a *quid pro quo* basis.

    In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Plaintiff alleges claims based on denial of outdoor exercise, denial of access to telephone privileges, failure to protect and retaliation.  The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  In addition, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in

this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Id.</u>

Accordingly, Plaintiff's motion for appointment of counsel must be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objections to Defendants' motion for an extension of time to file a motion for summary judgment relating to exhaustion of the administrative remedies are OVERRULED; and

2. Plaintiff's request for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 21, 2015**

UNITED STATES MAGISTRATE JUDGE