UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR. <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY, et al., <br><br> Defendants. | Case No.: 1:13-cv-00012-AWI-SAB (PC) <br><br> ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL <br><br> [ECF No. 64] |

    Plaintiff Columbus Allen, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On November 9, 2015, Plaintiff filed a second request for the appointment of counsel. Plaintiff seeks appointment of counsel based on his present medical condition which involves an injury to his left wrist and requests counsel to assist him in reviewing certain discovery responses provided by Defendants.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

1    Without a reasonable method of securing and compensating counsel, the court will seek
2  volunteer counsel only in the most serious and exceptional cases. In determining whether
3  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
4  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
5  legal issues involved." Id. (internal quotation marks and citations omitted).
6    In the present case, the Court does not find the required exceptional circumstances. Even if it
7  is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if
8  proved, would entitle him to relief, his case is not exceptional. This Court is faced with individual
9  cases challenging the conditions of confinement almost daily. Further, at this stage of the proceedings,
10 the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
11 review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his
12 claims. The fact that it may be difficult for Plaintiff to continue to prosecute this case does not
13 constitute exceptional circumstances.
14   While a pro se litigant may be better served with the assistance of counsel, so long as a pro se
15 litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative
16 complexity of the matter," the "exceptional circumstances" which might require the appointment of
17 counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28
18 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner
19 "may well have fared better-particularly in the realm of discovery and the securing of expert
20 testimony.") While it is unfortunate that Plaintiff suffers from left wrist pain such circumstance does
21 not warrant the appointment of counsel, particularly given that Plaintiff's exhibits demonstrate that he
22 is continuously evaluated and provided treatment for his wrist pain. The fact that Plaintiff does not
23 agree with such evaluation and/or treatment does not present extraordinary circumstances.
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, Plaintiff has failed to meet his burden of demonstrating extraordinary circumstances warranting the appointment of counsel at this time, and Plaintiff's second motion for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 10, 2015**

UNITED STATES MAGISTRATE JUDGE

3