UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTRY, et al.,, <br><br> Defendants. | No. 1:13-CV-00012-DAD-SAB (PC) <br><br> <u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF NOVEMBER 12, 2015, ORDER DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL</u> <br><br> (Doc. No. 64) |

     Plaintiff Columbus Allen, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 12, 2015, the assigned Magistrate Judge denied Plaintiff's request for the appointment of counsel. On November 30, 2015, Plaintiff filed objections to the Magistrate Judge's November 12, 2015, order. (Doc. No. 64.)

     Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's non-dispositive order within fourteen days. In this Court, this type of objection is treated as a motion for reconsideration by the assigned District Judge and should be captioned "Request for Reconsideration." *See* Local Rule 303. While Plaintiff did not file a request for reconsideration, in the interests of justice the Court will review Plaintiff's objections under Local Rule 303.

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Plaintiff's motion for reconsideration is devoid of grounds entitling him to reconsideration of the November 12, 2015 order denying appointment of counsel. The Magistrate Judge properly

considered the evidence submitted by Plaintiff along with the record in this case and correctly determined exceptional circumstances were not demonstrated to warrant appointment of counsel in this case, at this time. Plaintiff's mere disagreement the ruling does not suffice. *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 64) is DENIED.

IT IS SO ORDERED.

Dated: __December 11, 2015__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3