UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY, et al.,<br><br>　　　　Defendants. | No.  1:13-cv-00012-DAD-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Doc. Nos. 71, 76) |

　　　　Plaintiff Columbus Allen, Jr. is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　In his complaint plaintiff alleges the following claims, found by the court on screening to be cognizable, and all stemming from his incarceration at the Stanislaus County Jail following his arrest on murder charges:  against defendants County of Stanislaus, Puthuff, Christianson, Captain Duncan, and Lieutenant Lloyd for denial of outdoor exercise; against defendants Lieutenant Suarez, Sergeant Galles, Sergeant Truffa, Mauldin, Meyers and Williams for a due process violation for denial of access to telephone privileges; against defendants Sergeant Radza, Williams, Aziz, Maze and Cardoza for failure to protect; and against Defendants Lieutenant Clifton, Sergeant Radza, and Cardoza for retaliation.  (Doc. No. 12.)

On April 22, 2016, the defendants moved for summary judgment. (Doc. No. 71.) On February 3, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part. (Doc. No. 76.) Specifically, the findings and recommendations recommended that defendants motion for summary judgment be denied as to plaintiff's: alleged failure to exhaust his administrative remedies; outdoor exercise claim; failure to protect claim; retaliation claim; and on the grounds that the PLRA barred his claims for compensatory damages due to a lack of physical injury. (Doc. No. 76 at 32-33.) The findings and recommendations recommended that defendant's motion for summary judgment be granted only as to plaintiff's due process claim based upon the alleged denial of telephone privileges following his arrest. (*Id*. at 33.) The findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within thirty days. (*Id*. at 33.) Plaintiff filed his objections to the findings and recommendations on March 1, 2017. (Doc. No. 77.) On March 3, 2017, defendants also filed objections to the findings and recommendations. (Doc. No. 78.) On March 9, 2017, defendants filed a response to plaintiff's objections. (Doc. No. 80.) On March 20, 2017, plaintiff filed a document styled as "objections to defendants' objections." (Doc. No. 82.)[1]

In their objections to the findings and recommendations defendants contend that the magistrate judge erred in recommending that their motion for summary judgment be denied. (Doc. No. 78.) Specifically, defendants argue that their motion for summary judgment should have been granted due to plaintiff's failure to adequately exhaust his administrative remedies prior to filing suit and on qualified immunity grounds. (*Id.* at 2-3, 5-6.) In addition, they argue that on the merits, summary judgment should be granted in their favor on plaintiff's claims based on the alleged denial of outdoor exercise, failure to protect, retaliation, municipality liability under *Monell*, and supervisorial liability. (*Id*. at 3-5.) The undersigned has reviewed defendants' objections and finds them to be, in large part, the same arguments advanced below, which were

---

[1] In this latest filing, plaintiff appears to object to defendants' objections, in part, based upon an alleged defective proof of service and delayed service of the objections. The court overrules those objections and has considered defendants' objections as well as plaintiff's substantive reply to them.

1 fully and adequately addressed in the magistrate judge's findings and recommendations. Because
2 the court finds defendants' arguments to be unpersuasive, the findings and recommendations will
3 be adopted with respect to these issues and claims.

4 　　　　In his objections, plaintiff argues that the magistrate judge erred as a matter of law in
5 recommending that defendants' motion for summary judgment be granted as to the claim that
6 plaintiff's due process rights were violated following his arrest when he was denied access to a
7 telephone, as required under state law. For the reasons set forth below, the undersigned agrees.

8 　　　　In the pending findings and recommendations it was concluded that defendants were
9 entitled to summary judgment in their favor with respect to plaintiff's due process claim that he
10 was unlawfully denied access to a telephone for seventeen hours following his arrest while being
11 held in a safety cell. Specifically, the magistrate judge concluded:

> An arrestee is entitled to at least three completed telephone calls immediately upon booking, except when physically impossible, as in this instance. *See* Cal. Penal Code § 851.5.
>
> Plaintiff was not denied the right to telephone privileges, but rather the right was merely delayed for less than 24 hours based on the physical circumstances of his placement in a safety cell due to the nature of the alleged commitment offense, i.e. murder of a police officer, and there is no showing of prejudice. Accordingly, Defendants Lieutenant Suarez, Sergeant Galles, Sergeant Truffa, Mauldin, Meyers, and Williams are entitled to summary judgment on this claim.

19 (Doc. No. 76 at 23.)

20 　　　　The court declines to adopt this aspect of the findings and recommendations.[2] Plaintiff
21 has alleged in his verified complaint[3] that upon arrest he was placed in a "safety cell/rubber

---

[2] Plaintiff objects to the magistrate judge's failure to apply the test established in *Sandin v. Conner*, 515 U.S. 472 (1995) to his due process claim. (Doc. No. 77 at 1.) However, the Ninth Circuit has noted that "the Sandin test appears to apply specifically to prisoners who have been convicted." *Carlo v. City of Chino*, 105 F.3d 493, (1997) (citing *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996) ("*Sandin* . . . recognizes that its rationale regarding incarcerated prisoners is not applicable to pretrial detainees.")).

[3] A verified complaint may be considered an opposing affidavit for summary judgment purposes. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & n.10 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197–98 (9th Cir. 1987).

room" for approximately seventeen hours and denied every request to utilize a telephone. (Doc. No. 1 at 20–21.) According to evidence submitted by defendants on summary judgment, upon arrest, plaintiff was placed in a safety cell at the jail as a potential suicide risk based solely on the nature of the offense for which he had been arrested (i.e. murder of a law enforcement officer). (*See* Doc. No. 71-2 at 2, 71-6 at 103.)

In addressing California law requiring that an arrestee be allowed telephone access within three hours of arrest to contact an attorney, a bail bondsmen, or a relative or other person, the Ninth Circuit, has explained:

> The California statute at issue drastically limits an officer's discretion. It requires that an arrestee be permitted to make three telephone calls. Its mandatory language entitles an arrestee to phone calls "immediately upon being booked" or "no later than three hours after arrest," providing exceptions only for physical impossibility. Cal. Penal Code § 851.5(e). As required by the test applied in 1991, the statute uses mandatory language to bind an officer's discretion regarding whether to permit an arrestee to use a telephone. Under [*Hewitt v.*] *Helms*[, 459 U.S. 460 (1983)], it was clearly established that the California statute created a liberty interest.
>
> \* \* \*
>
> Given the clarity of the statute and the law defining liberty interests at the time, no reasonable officer could have believed that denying Carlo telephone calls did not violate her constitutional rights.

*Carlo v. City of Chino,* 105 F.3d 493, 502 (1997)[4]; *see also Maley v. County of Orange*, 224 Fed. Appx. 591 (9th Cir. 2007)[5](reversing grant of summary judgment in favor of defendants because "there is no reason to distinguish this case from *Carlo*, which found a violation of a constitutional liberty interest created by section 851.5 and denied qualified immunity."); *Dennison v. Lane*, No. C 07-0778 PJH (PR), 2013 WL 432935, at \*4 (N.D. Cal. Feb. 4, 2013) ("This state-created right is one of "real substance" entitled to constitutional due process protections. [citation omitted.] An arrestee therefore must receive notice of the right to telephone calls and be denied a requested

---

[4] The arrestee in *Carlo* was denied the right to make a telephone call for 14 hours. *Carlo*, 105 F.3d at 500.

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

immediate telephone call only in the case of physical impossibility."); *Low v. Stanton*, No. CIV S-05-2211 MCE DAD P, 2009 WL 302058, at *5 (E.D. Cal., Feb. 6, 2009).

Here, there simply is no evidence before the court on summary judgment that plaintiff was denied telephone access for seventeen hours following his arrest due to physical impossibility. Rather, the evidence on summary judgment establishes that plaintiff was placed in a safety cell for seventeen hours due solely to the nature of the charge upon which he had been arrested and safety concerns stemming therefrom. Such concerns, however, do not constitute a "physical impossibility" and therefore cannot justify the alleged failure to provide telephone access within three hours of arrest as required by California Penal Code § 851.5. The undersigned concludes that defendants are not entitled to summary judgment in their favor with respect to plaintiff's due process claim based upon the alleged denial of his right to telephone access within three hours of his arrest.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations, except as noted above, to be supported by the record and by proper analysis.

For all the reasons set forth above:

1. The findings and recommendations (Doc. No. 76), filed on February 3, 2017, are adopted in part;
2. Defendants' motion for summary judgment (Doc. No. 71) is denied;
3. The matter is referred back to the assigned magistrate judge for further proceedings including scheduling.

IT IS SO ORDERED.

Dated: **March 24, 2017**

_____
UNITED STATES DISTRICT JUDGE