| | |
|---|---|
| COLUMBUS ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> STANISLAUS COUNTY, et al., <br><br> Defendants. | No. 1:13-cv-00012-DAD-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING PLAINTIFF'S MOTION TO STAY AS MOOT <br><br> (Doc. Nos. 87, 90) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Columbus Allen, Jr. is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 4.) A telephonic trial confirmation hearing is currently set for July 31, 2017 and jury trial is scheduled to commence on September 19, 2017. (Doc. No. 84.) On May 16, 2017, the assigned magistrate judge denied plaintiff's third motion to appoint counsel. (Doc. No. 86.) Plaintiff filed on May 30, 2017 a motion for reconsideration of that order (Doc. No. 87) and on June 21, 2017 a motion to stay the proceedings pending disposition of the motion for reconsideration. (Doc. No. 90.) Defendants filed an opposition to the motion for reconsideration on June 14, 2017. (Doc. No. 88.) For the following reasons, the motion for reconsideration will be denied and the motion to stay will be dismissed as having been rendered moot by this order. Nevertheless, the court is currently attempting to determine whether pro bono counsel may be available for appointment on plaintiff's behalf.

1

## Legal Standard

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c).[1] The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). Nothing defendants seek reconsideration of here is dispositive. On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

In reviewing pretrial orders of a magistrate, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). Accordingly, "[t]o succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. 1:10-cv-00581-AWI-DLB, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).

## Analysis

In his motion for reconsideration, plaintiff contends that the magistrate judge's denial of appointment of counsel was an abuse of discretion for the same reasons explained by the Ninth Circuit Court of Appeals in *Wright v. Director of Corrections*, 443 Fed. Appx. 289, 293 (9th Cir.

/////

---

[1] Counsel for defendants is familiar with these standards, having previously objected to another order of the magistrate judge in this same case. (See Doc. Nos. 21, 27.)

2011).[2] In *Wright*, the Ninth Circuit noted that in deciding whether to appoint counsel, the district court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). However, neither of the two factors is dispositive and the court should consider both in making a determination. *Terrell*, 935 F.2d at 1017.

Plaintiff's motion for reconsideration lacks merit. The magistrate judge properly considered the evidence submitted by plaintiff along with the record in this case and determined exceptional circumstances were not demonstrated to warrant appointment of counsel in this case, at this time. Indeed, the record in this case demonstrates that plaintiff is adequately able to articulate and litigate his claims in light of any complexity in the case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (where a pro se civil rights plaintiff demonstrates a good handling of the general litigation procedure and has articulated his claims adequately, exceptional circumstances are not shown to warrant appointment of counsel). Plaintiff's mere disagreement the ruling does not suffice. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Accordingly, plaintiff's motion for reconsideration is denied.

Nevertheless, the undersigned believes that a jury trial in this case would be facilitated if plaintiff were represented by counsel. The court is therefore attempting to determine whether pro bono counsel may be available for appointment on plaintiff's behalf. Plaintiff will be notified if such efforts are successful.

Based upon the foregoing,

1) Plaintiff's motion for reconsideration (Doc. No. 87) is denied;

2) Plaintiff's motion to stay (Doc. No. 90) is dismissed as having been rendered moot by this order;

/////

/////

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3) The telephonic trial confirmation hearing set for July 31, 2017 and any filing dates in connection with it are vacated pending the court's efforts to identify pro bono counsel and will be rescheduled when those efforts are completed; and

4) The trial date remains set for September 19, 2017, but may be rescheduled if the court is successful in locating pro bono counsel willing to undertake plaintiff's representation.

IT IS SO ORDERED.

Dated: **June 30, 2017**

UNITED STATES DISTRICT JUDGE