UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN, JR., | No. 1:13-cv-00012-DAD-SAB |
| Plaintiff, | |
| v. | TENTATIVE PRETRIAL ORDER |
| STANISLAUS COUNTY, et al., | |
| Defendants. | |

On February 5, 2018, the court conducted a final pretrial conference in this action. Attorney Joan R. Camagong appeared as counsel for plaintiff and attorney John R. Whitefleet appeared as counsel for defendants. Having considered the documents submitted, and having heard from counsel, the court issues this tentative pretrial order.

Plaintiff Columbus Allen Jr., a state prisoner proceeding with counsel, brings this civil rights action under 42 U.S.C. § 1983 against defendants Stanislaus County (the "County") and current and former County employees. Plaintiff alleges that his constitutional rights were violated while held as a pre-trial detainee at the Stanislaus County jail.

I.     JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391. Venue is not contested.

/////

1

II.　　**JURY**

　　Both parties have demanded a jury trial. The jury will consist of eight jurors.

III.　　**UNDISPUTED FACTS**

　　1.　　On February 17, 2006, plaintiff was arrested and transported to Stanislaus County Jail.

　　2.　　Plaintiff was initially placed into a safety cell.

　　3.　　Once booked and classified, plaintiff was housed as a maximum security inmate at the Stanislaus County Men's Jail.

　　4.　　Plaintiff was transferred out of the jail on August 2, 2010.

　　5.　　Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number 3.06.01 (formerly 3-6), in effect during plaintiff's incarceration set forth the method and procedures for an inmate to seek a remedy for any complaints regarding their confinement.

　　6.　　Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number policy Nos. 2.01.02 (previously 2-1) and 2.01.08 (previously part 2.01) addresses an arrestee's right to make telephone calls.

　　7.　　Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number policy 2-3 provides for classification and housing of inmates at the jail.[1]

IV.　　**DISPUTED FACTUAL ISSUES**

　　1.　　Whether plaintiff had actual knowledge of the appeal process.

　　2.　　Whether plaintiff exhausted his administrative remedies as to each claim under the Prison Litigation Reform Act.

　　3.　　Whether plaintiff can establish damages and extent thereof.

---

[1] Counsel are directed to confer in an attempt to arrive at a more robust identification of undisputed facts which can be presented to the court by way of objections to this tentative pretrial order. In this regard, the court would point to the statement of undisputed facts set forth in the magistrate judge's findings and recommendations addressing defendants' motion for summary judgment. (Doc. No. 76 at 15-17.)

1        4.    Whether plaintiff can establish any physical damages as required under the Prison

2    Litigation Reform Act.

3    V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

4        The parties have not yet filed motions *in limine*, but have indicated that they anticipate

5    doing so.  The court does not encourage the filing of motions *in limine* unless they are addressed

6    to issues that can realistically be resolved by the court prior to trial and without reference to the

7    other evidence which will be introduced by the parties at trial.  Any motions *in limine* counsel

8    elects to file shall be filed no later than **March 6, 2018**.  Opposition shall be filed no later than

9    **March 16, 2018.**  The court will hear arguments on any motions *in limine* on **March 22, 2018** at

10   1:30 p.m.  At the hearing, the parties will also be given the opportunity to present arguments as to

11   the application of *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

12   VI.    SPECIAL FACTUAL INFORMATION

13       None.

14   VII.    RELIEF SOUGHT

15       Plaintiff seeks monetary damages.

16   VIII.    POINTS OF LAW

17       The claims and defenses arise under federal law.  Plaintiff's claim for denial of outdoor

18   exercise is brought against defendants County of Stanislaus, Puthuff, Christianson, Duncan, and

19   Lloyd.  Plaintiff's claim for denial of access to telephone privileges is brought against defendants

20   Suarez, Galles, Truffa, Mauldin, Meyers, and Williams.  Plaintiff's claim for failure to protect is

21   brought against defendants Radza, Williams, Aziz, Maze, and Cardoza.  Plaintiff's claim for

22   retaliation is brought against defendants Clifton, Radza, and Cardoza.  In their trial briefs the

23   parties are directed to address the following as well as any other legal issues they believe should

24   be addressed.

25       1.    The elements of, standards for, and burden of proof in an action alleging denial of the

26   right to outdoor exercise under the Eighth Amendment.

27       2.    The elements of, standards for, and burden of proof in an action alleging denial of

28   telephone privileges under the Due Process Clause of the Fourteenth Amendment.

3. The elements of, standards for, and burden of proof in an action alleging failure to protect under the Eighth Amendment.

4. The elements of, standards for, and burden of proof in an action alleging retaliation in violation of the First Amendment.

5. The procedure by which defendants believe that there contention that plaintiff failed to adequately exhaust his available administrative remedies prior to filing suit as required under the PLRA should be addressed at trial, recognizing that the court has already ruled that they failed to sustain their burden as to this contention on summary judgment.

6. The elements of, standards for, burden of proof and procedure by which defendants' assertion of entitlement to qualified immunity should be addressed at trial, recognizing that defendants' motion for summary judgment on this ground was denied by the court.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.   <u>ABANDONED ISSUES</u>

None.

X.   <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendants' witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

A.   **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2)   The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

4

B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)    The court and opposing parties were promptly notified upon discovery of the witness;

(3)    If time permitted, the party proffered the witness for deposition; and

(4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**.[2] At trial, plaintiff's exhibits shall be listed numerically. Defendants' exhibits are listed in **Attachment D**. At trial, defendants' exhibits shall be listed alphabetically. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically. All exhibits must be pre-marked. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday**

---

[2] Prior to the deadline for submitting objections to this order, plaintiff is directed to supplement item # 16 in plaintiff's Exhibit List. Supplementation should identify with particularity the medical records plaintiff seeks to admit.

5

**before trial.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

    (2)    The court and the opposing parties were promptly informed of their existence;

    (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII.    <u>DISCOVERY DOCUMENTS</u>

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff and defendants may use the following discovery documents at trial:

1.    Plaintiff's deposition transcript.

2. Plaintiff's responses to Request for Production of Documents and Interrogatories.

XIII. FURTHER DISCOVERY OR MOTIONS

Both parties anticipate filing motions *in limine*.

XIV. STIPULATIONS

The parties have stipulated that defendants were acting under color of law.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

The parties have not engaged in any settlement discussions to date. A mandatory settlement conference is scheduled for February 22, 2018 at 10:30 a.m. before Magistrate Judge Michael J. Seng.

XVII. JOINT STATEMENT OF THE CASE

Plaintiff Columbus Allen alleges his constitutional rights were violated while held as a pre-trial detainee at the Stanislaus County jail. Defendants deny any violation or that plaintiff has been damaged.[3]

XVIII. SEPARATE TRIAL OF ISSUES

None.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX. ATTORNEYS' FEES

Plaintiff reserves the right to seek attorneys' fees and costs.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII. MISCELLANEOUS

None

/////

---

[3] As discussed at the hearing, the parties are requested to confer in an effort to arrive at a somewhat more detailed neutral statement of the case to be read to prospective jurors.

XXIII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

Jury trial is set for **April 10, 2018**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd.  Trial is expected to last seven days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to <u>dadorders@caed.uscourts.gov</u> no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **February 7, 2018**

_____

UNITED STATES DISTRICT JUDGE

**<u>Exhibit A</u>**

Plaintiff's Witness List

1.  Columbus Allen, Jr.

2.  Deputy Christopher Williams

3.  Lieutenant Ronald Lloyd

4.  Deputy Escarcega

5.  Deputy Munoz

6.  Sergeant Galles

7.  Sheriff Christianson

8.  Sgt. Ernie Radza

9.  Richard Aziz

10. Captain Duncan

11. Mark Cardoza

12. Deputy Rosales Badge # 848

13. Custodian(s) of Records for relevant documents including Plaintiff's central file and medical records with CDCR, Stanislaus County Civil Grand Jury and Board of Supervisors of the Stanislaus County.

**Exhibit B**

Defendants' Witness List

1.    Adam Christianson

2.    Mark Puthuff

3.    Bill Duncan

4.    Ronald Lloyd

5.    Mark Cardoza

6.    Gregg Clifton

7.    Ernie Radza

8.    Ryan Mauldin

9.    Brenda Suarez

10.   Peter Galles

11.   Vincent Truffa

12.   Cory Meyer

13.   Chris Williams

14.   Michael Maze

15.   Richard Aziz

16.   Deputy Jenkins

17.   Deputy J. Mott

18.   Deputy J. Corey

19.   Deputy J Diaz

20.   Sgt. C. Blake

21.   Deputy Escarcega

22.   Deputy Munoz

23.   Deputy Martinez

24.     Sgt. Campbell

25.     Deputy Frost

26.     Deputy Valente

27.     Sgt. Husman

28.     Sgt. Harper

29.     Deputy J Sousa

30.     Sgt White

31.     Deputy Kiernan

32.     Custodian of Records California Forensic Medical Group

33.     Person Most Knowledgeable regarding Plaintiffs' Care from California Forensic Medical Group

34.     Custodian of Records Correct Care Solutions

35.     Person Most Knowledgeable regarding Plaintiffs' Care from Correct Care Solutions

36.     Dr. Lyn Raible

37.     Aura Brown

**Exhibit C**

Plaintiff's Exhibit List

1.  Civil Grand Jury Report Case No. 09-18.

2.  The Board of Supervisors of the County of Stanislaus Action Agenda Summary dated September 15, 2009.

3.  Stanislaus County Sheriff's Department Response to Civil Grand Jury Report 09-18 dated July 24, 009.

4.  Stanislaus County Sheriff's Department Inmate Request Forms, Responses to Inmate Grievances, Incident Reports, Sergeants Watch Reports, and Classification Shift Reports (CO 0001 - CO0213).

5.  Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures (CO 0214- CO0452)

6.  Inmate Headcount Rosters (CO 0453- CO 0508).

7.  Booking Register dated 2/17/06 (CO 0511- CO 0512).

8.  Stanislaus County Adult Detention Division Medical Screening dated 2/17/06 (CO 0513)

9.  California Forensic Medical Group Intake Triage Assessment dated 2/17/06 (CO 0514- CO 0515).

10. Mental Health Initial Evaluation dated 2/17/06 (CO 0516).

11. Nursing Assessment of Psychiatric & Suicidal Inmate dated 2/17/06 (CO 0517).

12. Sobering/Safety Cell/Restraints Log dated 2/17/06 (CO 0518- CO 0519).

13. California Forensic Medical Group Doctors Orders (CO 0520- CO 0521).

14. California Forensic Medical Group Physical Assessment (CO 0522 – CO 0523).

15. Stanislaus County Custodial Division Medical Screening (CO 0524).

16. Relevant medical records for Plaintiff.

**Exhibit D**

Plaintiff's Exhibit List

1.  Plaintiff's medical records from CFMG, 1-129

2.  Stanislaus County SD report by Deputy Jenkins dated 2.26.2006

3.  Deputy Aziz report dated 2.26.2006

4.  Shift Report COUNTY 00930

5.  Inmate Location Listing Roster

6.  Inmate Grievances/requests/appeals, various dates

7.  Incident Report 4.15.2008 COUNTY 21-27

8.  Incident Report 7.7.2009 COUNTY 29-34

9.  Incident Report 1.18.2010 COUNTY 38-39

10. Shift Report 10.4.07 COUNTY 933

11. Shift Report 10.02.07 COUNTY 930

12. Remark History

13. Incident Report 2.18.2006 COUNTY 0007

14. Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number 3.06.01 (formerly 3-6)

15. Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number policy Nos. 2.01.02 (previously 2-1) and 2.01.08 (previously part of 2.01)

16. Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number policy No. 2-3

17. Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures Number policy 10-12

18. Stanislaus County Sheriff's Department Adult Detention Division Policy and

Procedures Number policy Nos 5.02.03 and 5.02

19. Incident Reports COUNTY 941-977

20. Stanislaus County Sheriff's Department Adult Detention Division Policy and Procedures COUNTY 1104-1236

21. Sgt. Watch Report COUNTY 1289

22. Sobering Cell Log

23. Incident Reports COUNTY 0001-0019